Opinion delivered June 16, 1888.

No. 5950.

SHERMAN PHIPPS ET AL. *v.* THE STATE.

PRACTICE—SCIRE FACIAS.—Conviction in the county court on appeal from a justice's court, and confinement of the accused in the county jail a sufficient length of time to discharge the fine and costs adjudged against him, render the appeal bond to the county court *functus officio*, and it can not be enforced against the sureties.

APPEAL from the County Court of Jack. Tried below before the Hon. H. P. Jones, County Judge.

Simple assault was the offense of which the principal in the appeal bond was adjudged guilty by the trial court. The opinion otherwise discloses the case.

*W. E. Taylor* and *H. N. Bell*, for the appellants.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant appealed from a conviction in the justice's to the county court, and executed his appeal bond. In the county court, on his appeal, he pleaded guilty, was fined five dollars and costs, was remanded to the

custody of the sheriff, and by him was placed in jail where he remained for some time and until released by the sheriff.   Subsequently the county attorney made a motion to have his appeal bond forfeited, with judgment *nisi* and *scire facias* to the sureties; which motion was granted by the court.

In response to the *scire facias* the sureties pleaded that the appearance, fine and imprisonment of their principal by the judgment of the county court until the fine and costs were paid, rendered the appeal bond *functus officio*, and of no further binding force upon them, and that they were discharged from any further liability upon the same.   The county attorney moved to quash and strike out the answer; which motion was sustained by the court, and judgment final was rendered against them upon the appeal bond.   This ruling was erroneous (see Childers *v.* The State, ante, 658.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*